# Dawson's Appeal.

The twenty days allowed by law for appealing from the decree of the Court of Common Pleas making distribution of the proceeds of a sheriff's sale, begin to run from the entry of the decree, although entered *in vacation;* notice of the entering of the decree being given to the counsel of the party. Parol notice to the counsel is sufficient—it need not be in writing.

THIS was an appeal from the decree of distribution, by the court of Common Pleas of *Delaware county,* of the proceeds of sale, by the sheriff, of the real estate of John Irwin, deceased.

Rule to show cause why the appeal should not be dismissed.

The decree of the court, making distribution, was filed on the 21st of December, 1849, at the joint request of the counsel for the several claimants of the fund; and the appeal was entered January 12, 1850, more than twenty days thereafter.

The following is the evidence taken under a rule of this court, and by agreement of counsel, viz:—

HENRY CHAPMAN, President Judge of the Common Pleas of Delaware county, on the 25th February, 1851, by consent of counsel, endorsed on the rule the following statement, to be read in evidence on the hearing of this case :—" It is my belief that the decree of distribution in the within mentioned case was made and filed in the office of the prothonotary during vacation, by agreement of the counsel concerned."

March 18, 1851.—James Sill, Jr., prothonotary of said court, testifies, "that on the 21st day of December, 1849, I received the decrees of the court in the cases of John M. Wetherill, administrator, &c. *vs.* Wm. Irwin, &c. ; and Caspar W. Sharpless and Mark B. Hannum, &c. *vs.* Wm. Irwin, &c., *venditioni exponas,* Nos. 12 and 13, to August term 1849, and the letter hereto annexed, accompanying the same. I, immediately after reading the said decrees and the accompanying letter, went to Mr. Edwards, at his office,

. [Dawson's Appeal.]

and showed the decrees and the directions from Judge CHAPMAN to him; after he read them, he also directed me to inform Mr. Darlington, attorney for Dawson, of the same; whereupon, upon returning to my office, I handed the same to him, he being there at the time. I then entered the decrees on the docket. Mr. Darlington stated that there would be an appeal taken to the Supreme Court. I do not recollect whether Mr. Darlington was present at the entering of the decree.

Cross-examined by E. Darlington, Esq.—I do not recollect that I said any thing to him at the time about entering the decree, but my impression is that he saw it, after it was entered.

Letter of Judge CHAPMAN, spoken of in the foregoing deposition:

DOYLESTOWN, Dec. 19, 1849.

JAMES SILL, ESQ.—*Dear Sir:*—You will please inform the counsel of the disposition I have made of the foregoing rules.

Very truly, and respectfully yours,　　HENRY CHAPMAN.

March 18, 1851.—Joseph Weaver, Jr., Esq., clerk for James Sill, Jr., the prothonotary, testifies—" I was in court when it was agreed by the counsel on both sides that Judge CHAPMAN should give his opinion during vacation, and to be filed in the prothonotary's office; that the same was received and filed by the prothonotary, on the 21st December, 1849; and that he immediately thereafter gave notice of the same to Edward Darlington, Esq., by handing him the papers.

*R. E. Hannum,* for appellees, contended that the appeal in this case, which is given by the 89th section of act of 16th June, 1836, *Purdon* 452, was *not* entered in time; more than twenty days having elapsed from the filing and notice of the decree.

Finney's Appeal, 3 *Barr* 312.—The decree of the court making distribution, unappealed from, is final and binding on the parties.

*G. M. Wharton,* with whom was *E. Darlington,* for appellants.— On the side of appellants, it was contended that, as the decree of the court was entered in vacation, the appellees ought not to be deprived of their appeal because the appeal was not taken within twenty days from the time of entering the decree.

First.—Because the agreement alleged, that the decree should be entered in vacation, was made between counsel, and was not in writing.

The rules of the courts of the 15th Judicial District provide that " all agreements of attorneys touching the business of the court shall be in writing; otherwise they will be considered of no validity."

The rules of said court also provide that " all notices must be in writing;" and it does not appear that any written notice of entering the decree was given in writing.

The opinion of the court was delivered April 14, 1851, by

ROGERS, J.—The only point is on a motion to dismiss the appeal,

on the ground that it was not entered in time, the act of 16th June, 1836, allowing twenty days only for the appeal, and the appeal not being taken until the twenty-second day. These facts are conceded; but the appellees contend it ought not to be dismissed, because the decree of the court being entered in vacation, they ought not to be deprived of the appeal because not taken within twenty days from the time of entering the decree,—First, because the agreement between counsel that the decree should be entered in vacation, was not in writing: that the rules of court of the 15th Judicial District provide that all agreements of attorneys touching the business of the court shall be in writing, otherwise they will be considered of no validity: that the rules of court also provide that all notices must be in writing, and it does not appear that any written notice of entering the decree was given in writing. It does not appear to me that the alleged agreement or the rules of court has any thing to do with the question. It requires no agreement of the parties or their counsel for that purpose, as the court have an undoubted right, without their consent, or contrary to their will, to enter a decree or judgment in vacation, and the parties are bound to take notice of it. The court usually directs the prothonotary to give notice to the parties of the decree or judgment entered; and if he should omit to do so, it would be a ground for a motion to enter an appeal, if made in proper time, *nunc pro tunc*. The time begins to run from the entry of the decree, although in legal contemplation it is a judgment of the preceding term. We do not suffer a legal fiction to do injury to any person, and hence it is held that the appellant has twenty days from the time of the decree, whether made in vacation or in term time. The rule of the common law is, that unless directed otherwise by statute or rule of court, parol notice is good.

Here no application of the kind has been made, nor would it be effectual, if made, as it clearly appears, from the testimony of the prothonotary, notice was given of the decree to Mr. Darlington, the counsel of Dawson. There is no rule, that I know of, which requires such notice to be in writing. The rules of the 15th Judicial District, apply to agreements of attorneys touching the ordinary business of the court, and not to a case like this.

Appeal quashed.